UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
MUSA AMIN,                          )
                                    )
    Plaintiff,                    )
                                    )
    v.                            )    Civil Action No. 09-1581 (PLF)
                                    )
NYACK SCHOOL OF ADULT AND           )
DISTANCE EDUCATION et al.,          )
                                    )
    Defendants.                   )
_____)

MEMORANDUM OPINION

       This matter is before the Court on the plaintiff's response to the Court's Order to Show Cause why his complaint should not be dismissed. *See* Order, Jan. 6, 2010. Upon consideration of the plaintiff's response and the entire record before the Court, the complaint will be dismissed.

I. BACKGROUND

       In August 2009, the plaintiff, Musa Amin, filed a complaint alleging that the defendants, an institution of higher education, Nyack School of Adult and Distance Education ("Nyack"), and some of its employees, breached a contract and violated his civil rights by wrongfully denying him a bachelor's degree that he had earned. Compl. at 1. The complaint also alleged that the defendants had acted with gross negligence, institutional malfeasance and malpractice, willful and wanton conduct, and depraved indifference, resulting in Amin's mental and emotional anguish and suffering, monetary loss, and loss of potential employment

opportunities. Amin demanded $150,000 in damages. *Id.* at 1-2. When the defendants did not respond to the complaint, Amin secured an entry of default and moved for default judgment. The defendants then filed a motion to vacate the default entry and to allow their verified answer to be filed. In support of their motion, the defendants explained that they intended to respond to the complaint through counsel, and believed they had arranged to do so. Due to a misunderstanding with counsel, however, no response was filed. Defendants were unaware that no response had been filed until they received a copy of the entry of default on December 8, 2009. In further support of their motion, defendants alleged that they have a valid defense to the suit because Nyack, in fact, awarded a bachelor's degree to Amin on May 31, 2009, before he ever filed this suit. The Court denied Amin's motion for default judgment and directed him to show cause why the complaint should not be dismissed as moot.

Amin filed a response to the Order to Show Cause, and the defendants were permitted to file a response which was then construed as a motion to dismiss for mootness and for failure to state a claim upon which relief may be granted. Because the Court construed the defendants' response as a dispositive motion, Amin was allowed an opportunity to file an opposition. The motion is ripe for decision.

## II. LEGAL STANDARDS

A claim for relief that has already been realized is moot. A federal court does not have subject matter jurisdiction over claims that are moot. *Worth v. Jackson*, 451 F.3d 854, 857 (D.C. Cir. 2006) (jurisdiction depends on "the constitutional boundaries . . . of standing, mootness, and ripeness"). Therefore, a claim that is moot must be dismissed for lack of subject

matter jurisdiction. In considering a motion to dismiss for lack of subject matter jurisdiction, the Court may take account of matters outside the pleadings, such as affidavits or declarations filed with the defendants' motion to dismiss, provided that, as in this case, the plaintiff was so informed and given an opportunity to submit opposing affidavits or declarations, and provided that the standard for a determination under Rule 56 is employed. *See Gordon v. Nat'l Youth Work Alliance,* 675 F.2d 356, 361 (D.C. Cir. 1982); *In re Swine Flue Immunization Prods. Liability Litig.,* 880 F.2d 1439, 1442-43 (D.C. Cir. 1989).

A complaint or any portion of it may be dismissed if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal at any time the Court determines that the complaint "fails to state a claim upon which relief may be granted"). In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must liberally construe a pro se complaint. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Furthermore, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In addition, the Court should "grant [a plaintiff] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept a plaintiff's legal conclusions. *See Kowal v. MCI Communications Corp.,* 16 F.3d at 1276; *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002).

III.  DISCUSSION

Amin does not dispute that Nyack awarded him a bachelor's degree before this suit was filed.  Therefore, because there is no genuine issue of material fact that any claim for relief for a failure to grant an earned degree is moot, any such claim will be dismissed for lack of subject matter jurisdiction.

To maintain any other breach of contract claim under District of Columbia law, Amin must show, among other things, that one of the defendants had some other contractual obligation to him, and that the defendant breached that contractual obligation.  *See Squires v. Brown*, 604 F. Supp. 2d 236, 238 (D.D.C. 2009) (citing *Park v. Arnott,* Civil Action No. 89-3257 (RCL), 1992 WL 184521, *4 (D.D.C. July 14, 1992).  Amin has not made such a showing.  The record shows that Nyack awarded a degree upon Amin's satisfactory completion of a certain number and type of credits.  Amin has not established any other contractual obligation owed him by any defendant, let alone that a defendant breached a contractual obligation.  Accordingly, any breach of contract claim based on something other than not awarding the bachelor's degree will be dismissed for failure to state a claim upon which relief may be granted.

Even crediting as true all the allegations and declarations in Amin's submissions, he cannot maintain any of the torts he asserts in his complaint unless he can establish that the tort claim would exist in the absence of the contractual relationship.  As the Court of Appeals for the District of Columbia has stated:

> [T]he tort must exist in its own right independent of the contract, and any duty upon which the tort is based must flow from considerations other than the contractual relationship.  The tort must stand as a tort even if the contractual relationship did not exist.

*Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1089 (D.C. 2008). Since all the torts Amin asserts arose from his contractual relationship with Nyack, and do not exist independently of that contractual relationship, he cannot maintain an action in tort. Thus, the tort claims must also be dismissed for failure to state a claim upon which relief may be granted.

A separate Order accompanies this Memorandum Opinion.

DATE: May 7, 2010

/s/
PAUL L. FRIEDMAN
United States District Judge